**IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA PENSACOLA DIVISION**

**DARYL A. ROYSTER,**
**Plaintiff,**

**vs.** **Case No. 3:06cv550/RV/MD**

**ECAT, et al.,**
**Defendants.**

---

**ORDER and**
**REPORT AND RECOMMENDATION**

**Plaintiff, proceeding *pro se* has filed an amended complaint under 42 U.S.C. § 1983 and certain provisions of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12132 and 12203. (Doc. 4). He has also filed a motion to proceed *in forma pauperis*. (Doc. 2). For the limited purpose of dismissal of the complaint, leave to proceed *in forma pauperis* will be granted.**

**Plaintiff's name is well known to this court for the numerous cases he has initiated in this district.[1] In this action, plaintiff names nine defendants: Escambia County Area Transit ("ECAT"); Dawn Grouter, ECAT's General Manager; "Chuck," an ECAT supervisor; and six ECAT bus drivers. (Doc. 4, pp. 1-2). Plaintiff claims the defendants violated his rights under the Due Process Clause of the Fourteenth Amendment when various bus drivers harassed him (refused plaintiff's requests for**

---

[1]This is the seventeenth case plaintiff has filed in this court since 2003, and the twelfth he has filed in the year 2006. In each case, the court has allowed him to proceed *in forma pauperis*. With the exception of one case, Case No. 3:03cv385/LAC, all of plaintiff's cases have been involuntarily dismissed prior to service. The following nine cases were dismissed as facially deficient in that they failed to state a claim upon which relief may be granted: Case Nos. 3:03cv174/LAC, 3:03cv356/LAC, 3:03cv358/RV, 3:03cv518/MCR, 3:05cv445/MCR, 3:06cv151/MCR, 3:06cv263/MCR, 3:06cv463/RV and 3:06cv533/MCR. Three of plaintiff's cases were dismissed for his failure to comply with an order of the court: 3:03cv385/LAC, 3:06cv40/MCR and 3:06cv157/RV. Four cases, Case Nos. 3:06cv238/RV, 3:06cv343/MCR, 3:06cv357/RV and 3:06cv358/MCR were dismissed as frivolous. The remaining case, Case No. 3:06cv565/MCR, is still in the preliminary stages of review.

**transfers and, on one occasion, refused to stop "the van"), and when "Chuck" banned plaintiff from ECAT property on December 29, 2006 on the grounds that plaintiff was misusing ECAT's transfer system and harassing bus drivers. Plaintiff likens the ban to "being accused of a crime without due process of law." In addition, plaintiff claims defendants violated the ADA, although the nature of this claim is unclear. Plaintiff appears to assert that being banned from ECAT property violated the ADA either because it was done in retaliation for plaintiff reporting an incident involving a mentally retarded person,[2] or because the ban against plaintiff denies him access to public transportation which plaintiff needs to get to doctor appointments for his bad back. As relief, plaintiff seeks monetary damages, an injunction "to stop ECAT from violating the ADA and withhold all federal fund from ECAT until they become in compliance," an order requiring the offending bus drivers to submit to psychological evaluations at the Lakeview Center, and a personal apology from each defendant.**

**Since plaintiff is proceeding *in forma pauperis*, the court may dismiss the case if satisfied that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C.A. § 1915(e)(2)(B). A complaint is frivolous under section 1915(e) "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1833, 104 L.Ed.2d 338 (1989). Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," *Id.* at 327, 109 S.Ct. at 1833, or when the claims rely on factual allegations that are "clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 31, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992). Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). *Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997). The allegations of the complaint are taken as true and are construed in the light most favorable to the**

---

**[2]According to plaintiff, "a ECAT bus driver almost let a mental retarded lady die, because it took 30 minutes before the ambulance arrived and the bus driver didn't know what to do. None of ECAT worker has any type of CPR training." (Doc. 4, p. 3) (grammatical errors in original). Plaintiff later indicates that mentally retarded woman had had a stroke.**

**plaintiff. *Davis v. Monroe County Bd. Of Educ.*, 120 F.3d 1390, 1393 (11th Cir. 1997). The complaint may be dismissed only if it appears beyond doubt that plaintiff can prove no set of facts that would entitle him to relief. *Brown v. Budget Rent-A-Car Sys., Inc.*, 119 F.3d 922, 923 (11th Cir. 1997).**

**In order to prevail on a civil rights action under § 1983, a plaintiff must show that he was deprived of a right, immunity, or privilege secured by the Constitution or laws of the United States by a person acting under color of state law. *Parratt v. Taylor*, 451 U.S. 527, 535, 101 S.Ct. 1908, 1912, 68 L.Ed.2d 420 (1981); *Griffin v. City of Opa-Locka*, 261 F.3d 1295, 1303 (11th Cir. 2001). There is no question that the individual defendants, in their capacities as employees of the Escambia County Area Transit, acted under color of state law. Therefore, the question becomes whether the actions and statements made by the transit employees constituted a violation of plaintiff's constitutional rights actionable under § 1983.**

**The Fourteenth Amendment provides that "[n]o State shall . . . deprive any person of life, liberty or property without due process of law." U.S. Const. amend XIV. The substantive component of due process protects against "certain government actions regardless of the fairness of the procedures used to implement them." *Daniels v. Williams*, 474 U.S. 327, 331, 106 S.Ct. 662, 665, 88 L.Ed.2d 662 (1986); *see also Pittsley v. Warish*, 927 F.2d 3, 6 (1st Cir. 1991) (comparing substantive due process to procedural due process). There are two theories under which a plaintiff may bring a substantive due process claim. The first involves the prohibition against the Government's infringement upon certain "fundamental" liberty interests to any degree--no matter what process is provided--unless the infringement is narrowly tailored to serve a compelling governmental interest. *Brown v. Nix*, 33 F.3d 951, 953 (8th Cir. 1994) (citing *Reno v. Flores*, 507 U.S. 292, 301, 113 S.Ct. 1439, 1447, 123 L.Ed.2d 1 (1993)). Under this theory, a plaintiff must demonstrate deprivation of an identified liberty or property interest protected by the Fourteenth Amendment. *Pittsley*, 924 F.2d at 6 (citing *Meyer v. Nebraska*, 262 U.S. 390, 399, 43 S.Ct. 625, 626-27, 67 L.Ed. 1042 (1923)). Under the second theory, the Government's conduct somehow "must shock the conscience or otherwise offend**

**our judicial notions of fairness, or must be offensive to human dignity."** ***Brown v. Nix, supra*** **at 953;** ***Rochin v. California*****, 342 U.S. 165, 172, 72 S.Ct. 205, 209-10, 96 L.Ed. 183 (1952).**

**In the instant case, plaintiff's amended complaint does not allege, or suggest, that plaintiff's property or liberty interests were violated. Since the Constitution itself does not create property rights, those rights must "stem from an independent source such as state law."** ***Board of Regents v. Roth*****, 408 U.S. 564, 577, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972). As the Supreme Court has emphasized, "[t]he hallmark of property . . . is an individual entitlement grounded in state law, which cannot be removed except 'for cause.'"** ***Logan v. Zimmerman Brush Co.*****, 455 U.S. 422, 430, 102 S.Ct. 1148, 71 L.Ed.2d 265 (1982). Here, plaintiff fails to allege facts to suggest that he had a property right to use the bus. Even if he did, the allegations of the complaint indicate that his exclusion from the bus was for cause.**

**Further, plaintiff fails to identify a specific fundamental liberty interest with which the denial of transfers and ban from use of the bus system interfered. Plaintiff has not cited to any cases, and this court has found none, in which exclusion from public transportation was held to violate the rider's liberty interests.[3] His argument**

---

**[3]The only published case which this court's independent research has uncovered which addresses liberty interests in a similar context is** ***United States v. Madison*****, 744 F.Supp. 490 (S.D.N.Y.1990),** ***rev'd*****, 936 F.2d 90 (2nd Cir. 1991). In that case, a defendant who had boarded a bus in a New York City bus terminal and was awaiting its departure for New Jersey was questioned by a police officer who had boarded the bus after him. In finding that the defendant had been "seized" for purposes of the Fourth Amendment, the court stated that the defendant would have "subject[ed] himself to a significant restriction of his liberty interest in interstate travel had he taken it upon himself to leave the bus and spend another half hour in the Terminal."** ***Id*****. at 496. Even assuming that the** ***Madison*** **court was correct in suggesting that forcing a passenger to leave an interstate bus could violate the passenger's "liberty interest in interstate travel," plaintiff cannot allege a violation of his liberty interest on this theory. The buses at issue here were city buses, not interstate buses.** ***See also McDaniel v. State of Ohio*****, 829 F.2d 39 (6th Cir. 1987) (Table) (affirming dismissal of bus rider's civil rights complaint against public transportation provider for provider's failure to resolve a continuing labor dispute with its employees' union which caused interruption in bus service; bus rider had not alleged the denial of a federally protected right);** ***Stamm v. New York City Transit Authority*****, 2006 WL 1027142 (E.D. N.Y. 2006) (unpublished) (holding that bus rider's pleadings were insufficient to allege that her property or liberty interests were deliberately violated by government conduct, or that the alleged misconduct was so egregious as to otherwise violate substantive due process, where bus rider alleged that bus drivers and subway conductors apparently mistook her, who had no visible disabilities, for a passenger attempting to violate the TA's policy prohibiting non-disabled riders from bringing dogs onto TA vehicles and, in an attempt to effectuate the no-dogs policy, demanded proof of the dog's special status and on one occasion excluded her from riding the bus);** ***Rodriguez-Sanchez v. Besner*****,**

**that being excluded from the bus is analogous to being accused or convicted of a crime is patently frivolous.**

**Even assuming that plaintiff could allege a violation of his property or liberty interests, the allegations in his amended complaint would not make out a substantive due process violation. Plaintiff does not allege that the ECAT employees were deliberately violating his rights. Rather, plaintiff implies that these employees were acting upon their belief that plaintiff was misusing the ECAT transfer policy. Since these employees did not deliberately violate plaintiff's rights, any harm he incurred as a result of their actions was "negligently inflicted" and therefore "categorically beneath the threshold of constitutional due process."** ***See County of Sacramento v. Lewis*****, 523 U.S. 833, 849, 118 S.Ct. 1708, 140 L.Ed.2d 1043 (1998).**

**Moreover, plaintiff's amended complaint fails to allege conduct which was so egregious or outrageous as to constitute a violation of substantive due process. Plaintiff fails to identify conduct on the part of any defendant which even arguably "shocks the conscience." Again, the employees whose actions form the basis for this lawsuit believed plaintiff was attempting to misuse ECAT's transfer policy.**

**Plaintiff's allegations fail to state a violation of the ADA. To state a claim under Title II of the ADA, plaintiff must establish the following: (1) that he is a qualified individual with a disability; (2) that he was either excluded from participation in or denied the benefits of some public entity's services, programs, or activities or was otherwise discriminated against; and (3) that such exclusion, denial of benefits, or discrimination was by reason of his disability. 42 U.S.C. § 12132. Here, plaintiff's allegations do not remotely suggest that he was excluded by reason of his back injury. At most, they suggest that his exclusion from the bus caused him to walk long distances which aggravated his back injury.**

**Finally, to the extent plaintiff suggests the exclusion or harassment was in retaliation for his "report" involving the mentally retarded person with a medical**

---

**2005 WL 878587, at *5 (D. Or. Apr.13, 2005) (unpublished) (holding that, even if the defendant "intentionally excluded [the plaintiff] from public transit for a month," such deprivation would not "touch on a fundamental right or rise to the level of other substantive due process violations courts have found.").**

**emergency, his allegations fail to establish a retaliation claim under the ADA. The Americans with Disabilities Act, § 503, 42 U.S.C. § 12203 (1995), prohibits retaliation against an individual who has "opposed any act or practice made unlawful by" the ADA's anti-discrimination provisions. Part A of Subchapter II of the ADA, 42 U.S.C. § 12131-12134, generally makes disability discrimination in the provision of public services unlawful. The Eleventh Circuit has held that § 12203, the anti-retaliation provision of the ADA, prohibits discrimination against an individual because that individual "opposed any act or practice made unlawful by [the ADA] or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding or hearing" conducted under the statute. *Id.* This provision allows a complaint of retaliation against a public entity or its employees governed by Title II in the same manner that this provision allows a complaint of retaliation against an employer under Title I. *Shotz v. City of Plantation, Fla.*, 344 F.3d 1161, 1181 n.3 (11th Cir. 2003). To establish a prima facie case of retaliation under the ADA, "a plaintiff must show that (1) [he] engaged in statutorily protected expression; (2) [he] suffered an adverse . . . action; and (3) the adverse action was causally related to the protected expression." *Id.* at 1180 (quoting *Weeks v. Harden Mfg. Corp.*, 291 F.3d 1307, 1311 (11th Cir. 2002). The failure to satisfy any of these elements is fatal to a complaint of retaliation. In the instant case, plaintiff's allegations do not suggest that he opposed any act or practice made unlawful by the ADA. He does not allege that the bus driver's response to the medical emergency was in any way related to the victim's disability or otherwise violative of the ADA. Moreover, plaintiff's allegations fail with respect to the causal link element. "A plaintiff satisfies this element if he provides sufficient evidence" of knowledge of the protected expression and "that there was a close temporal proximity between this awareness and the adverse . . . action." *Shotz*, 344 F.3d at 1180 n. 3 (quoting *Farley v. Nationwide Mut. Ins. Co.*, 197 F.3d 1322, 1337 (11th Cir. 1999)). In the instant case, plaintiff's allegations fail to suggest that Chuck or the bus drivers had knowledge of his "report."**

**Accordingly, it is ORDERED:**

**Plaintiff's motion to proceed *in forma pauperis* (doc. 2) is GRANTED for the limited purpose of dismissing this action.**

**And it is respectfully RECOMMENDED:**

**That this cause be DISMISSED WITH PREJUDICE under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim, and that the clerk be directed to close the file.**

**At Pensacola, Florida, this 31st day of January, 2007.**

/s/ Miles Davis

**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy hereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of any objections shall be served upon any other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).**